THE COLUMBUS TRUST COMPANY, Plaintiff, *v.* UPPER HUDSON ELECTRIC AND RAILROAD COMPANY, COLUMBIA TRUST COMPANY (Formerly COLUMBIA-KNICKERBOCKER TRUST COMPANY), as Trustee under a Mortgage or Deed of Trust, Dated April 1, 1913, by and between Said Upper Hudson Electric and Railroad Company and Said Columbia-Knickerbocker Trust Company, and PUBLIC SERVICE COMMISSION, Defendants.

Supreme Court, Albany Trial Term, October 2, 1924.

Mortgages — foreclosure — action by trustee under corporate mortgage to foreclose same for non-payment of interest coupons — coupons from bonds secured by mortgage, first presented for payment thirteen years after delivery to mortgagor — coupons, clipped from bonds when bonds were not outstanding obligations against mortgagor, never represented defendant's indebtedness — complaint dismissed and judgment for mortgagor discharging lien of mortgage and for return of coupons — provision in mortgage permitting lien, without regard to date of actual issue of bonds, deemed not to mean that coupons are obligation for interest where mortgagor had no use of money — reports, records and declarations of mortgagor company properly received in evidence to establish coupons never were valid obligations for interest upon bonds from which they were detached.

Plaintiff's action as trustee under a corporate mortgage to foreclose the mortgage for the non-payment of 450 interest coupons, formerly attached to bonds, should be dismissed and judgment granted, directing the discharge of the lien of the mortgage and the return to the defendant of the coupons involved in the action, where it appears that the coupons from the bonds which were secured by the mortgage were first presented for payment thirteen years after their delivery to the mortgagor, and where the evidence indicates that the coupons were clipped from the bonds when the bonds were not outstanding obligations against the mortgagor and hence never represented the defendant mortgagor's indebtedness.

A provision in the mortgage permitting the lien and security thereof without regard to the date of the actual issue of the bonds will be deemed not to mean that the coupons representing interest upon the bonds to which they were affixed would be an obligation for interest, where the mortgagor had no use of the money.

The various reports, statements, documents, declarations and records of the mortgagor, as well as its manager, were properly received in evidence to establish the fact that the coupons were never valid and existing obligations for interest.

Supreme Court, October, 1924.                    [Vol. 123

Action to foreclose a mortgage.

*Walter C. Anthony* (*Theodore V. W. Anthony* and *Charles W. U. Sneed,* of counsel), for the plaintiff.

*Gould & Wilkie* (*John L. Wilkie,* · *Mason H. Bigelow, R. L. von Bernuth* and *Walter Neale,* of counsel), for the defendants Upper Hudson Electric and Railroad Company and Columbia Trust Company.

Rosch, J.   This action is brought by the trustee under a corporate mortgage to foreclose the same on account of non-payment of 450 coupons which were formerly attached to and represented interest coupons of some of the bonds secured by such trust mortgage.   The mortgage bears date the 1st day of June, 1901, and was recorded in the county clerk's office of Greene county on the 6th day of July, 1901.   The first seventy-five bonds were delivered by the trustee to the mortgagor, Upper Hudson Electric Company, on October 22, 1901.   The remaining twenty-five, numbered from 75 to 100 inclusive, were delivered to the Upper Hudson Electric Company February 4, 1903.

Each of the bonds in question was for $1,000, and affixed thereto were coupons numbered serially from 1 to 40, payable the first days of November and May of each and every year.   The rate of interest was five and one-half per cent per annum.   The bond and coupons were made payable at the office of the plaintiff in the city of Newburgh.   All of the bonds have been paid, or provision made for the payment thereof, and all of the coupons have been liquidated, except the 450 coupons in question.   The coupons involved in this litigation are from different bonds and are numbered from 1 to 17.   Coupon No. 1 was due and payable November 1, 1901; coupon No. 17, was due and payable November 1, 1909. These coupons were first presented for payment to the trustee March 1, 1916.   They were subsequently presented for payment February 13, 1917.   This action was instituted on or about June 22, 1921.

It is the contention of the plaintiff that the coupons are valid and subsisting obligations secured by the trust mortgage in question, and that judgment in favor of the plaintiff should be directed. It is the contention of the defendants that the coupons in question are not valid obligations; that they were coupons originally affixed to and a part of bonds owned by the mortgagor and undisposed of; that the coupons were separated from the bonds prior to their sale and negotiation, while in possession of the mortgagor, and were taken by a former employee and officer of the corporation

and are now claimed to be owned by members of his immediate family.

The record in this case is a voluminous one. It is made up of a number of depositions, a great number of exhibits and much testimony. There does not seem to be any very serious or difficult questions of law presented by the controversy. It might be, however, proper to give expression to the views I entertain in relation to two of the propositions of law presented and urged.

The portion of the trust mortgage wherein it is stated that it is "intended that the lien and security of this indenture shall take effect from day of the date thereof without regard to the date of actual issue, sale or negotiation of such bonds, as though upon such day all of said bonds were actually issued, sold and delivered to and in the hands of the holders thereof for value," can hardly be construed to mean that the coupons representing the interest upon the bonds to which they are affixed would be an obligation for interest where the mortgagor had no use of the money. The purpose of the coupon was to secure the investor an evidence of his claim for interest. If he did not have any interest due him, or if the due date of the coupon was prior to the date of the sale by the company of its bond, then the purpose of the coupon did not exist.

Ordinarily, the statements and declarations of the mortgagor company as represented by its reports to the state tax commission, gas and electricity commission, and public service commission, would not be admissible for the purpose of showing that certain of its bonds had not been negotiated. Viewed in a general way, such evidence would be self-serving and, doubtless, inadmissible as against the trustee of the mortgage. The situation presented by this case, however, is somewhat different. Here the action is in fact being defended by a company which subsequently acquired the mortgaged property. It appears from the evidence that the Upper Hudson Electric Company was managed and controlled by J. M. Sheehan. The books, papers, letters and reports to various officials and commissions were made either by him or under his direction. Although it is claimed the coupons involved in this litigation are owned by others, it appears to my satisfaction that the real owner and controller of them is the same J. M. Sheehan who made the reports, statements and written declarations, either in person or through his employee acting at his direction. For that reason the various reports and statements, as well as records and documents made at the direction of J. M. Sheehan, were properly admitted in evidence, and should remain as a part of the record. They are admitted and allowed to remain as evidence not for the

**774** Columbus Trust Co. *v.* Upper Hudson El. & R. R. Co.

Supreme Court, October, 1924.                    [Vol. 123

purpose of establishing any affirmative facts as against the plaintiff trustee holder of coupons for *bona fide* holders, but for the purpose of establishing the fact, predicated upon the ownership and control of such coupons by J. M. Sheehan, that the same were never valid and existing obligations for interest upon the bonds from which they were originally detached.

As to the facts, this case resolves itself into one general question: Were the coupons involved in this action detached from the bonds before the bonds were negotiated by the mortgaging company? If they were, and were in possession of the mortgaging company, and were purloined by an officer thereof, then they are not valid and subsisting obligations. In determining and arriving at a proper answer to this inquiry, in the first place, the coupons in question can be divided into three classes in relation to claimed ownership thereof. Fifteen of the coupons in question, it is claimed by the bill of particulars, are owned and claimed to have been held by one Louis S. Converse. One hundred and fifty of the coupons are claimed to have been owned by Mary S. Sheehan, as administratrix of Thomas M. Sheehan, deceased, and 285 of the coupons are claimed to be owned by Nellie M. Sheehan. The Converse coupons are coupons No. 1, from bonds 61-75, inclusive. These coupons were due November 1, 1901, only nine days after the delivery of the bonds by the trustee to the mortgaging company. Converse himself testifies that he makes no claim to the coupons. The coupons claimed to have been owned by the estate of Thomas Sheehan, the deceased brother of J. M. Sheehan, were not comprehended in the amount stated by the widow in her application for letters of administration, and no claim of ownership was made thereto by the administratrix in her affidavit upon an application to have the estate exempt from transfer tax. The number of these coupons claimed by the administratrix number 150, and aggregate in value over $4,000. Nellie M. Sheehan, the sister of J. M. Sheehan, claims to be the owner of 285 of the coupons in question.

From the examination of the evidence and exhibits, my conclusion is that the coupons in question were clipped from the bonds at a time when the bonds were not outstanding obligations against the defendant company. Such was my impression at the end of the trial. These coupons never represented and do not now represent the interest or use upon any indebtedness of the defendant company. Such conclusion is based upon the use made of the various bonds from which the coupons were clipped, and the fact that a number of the coupons are presented for payment, which were past due, even prior to the time of the delivery of the bonds by

the trustee to the mortgagor. Fifteen of the bonds of the original seventy-five were used by the defendant corporation as treasury bonds as collateral for the securing of the payment of certain notes and obligations. Only sixty of the first seventy-five bonds were used to purchase the stock and bonds of the Coxsackie Electric Light Company and the stock of the Athens Electric Light and Power Company, as provided in the resolution incorporated in the mortgage in question. There are many other circumstances which lead me to this conclusion. In addition, no satisfactory explanation has been given why there should have been any such delay in the presentation of the coupons in question, if they were viewed as valid obligations.

The defendant is entitled to judgment:

*First.* That plaintiff's complaint be dismissed on the merits;

*Second.* Directing that the plaintiff give and deliver to the defendant Upper Hudson Electric and Railroad Company a proper instrument or instruments effectually releasing and discharging the lien of the mortgage made by Upper Hudson Electric Company to The Columbus Trust Company as trustee, dated June 1, 1901, upon the property of said defendant Upper Hudson Electric and Railroad Company;

*Third.* Directing the plaintiff to deliver to the defendant Upper Hudson Electric and Railroad Company the 450 coupons involved in this action;

*Fourth.* Directing that the defendants Upper Hudson Electric and Railroad Company and Columbia Trust Company recover of the plaintiff the cost and disbursements of this action.

Judgment accordingly.